# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

FAGEN, INC., and
MIDWEST ETHANOL TRANSPORT, LLC,

      Plaintiffs/Third-Party Plaintiff,


v.                                           **ORDER**
                                             Civil File No. 12-2703 (MJD/SER)


EXERGY DEVELOPMENT GROUP
OF IDAHO, LLC, and JAMES T. CARKULIS,

      Defendants,

v.


HAWLEY TROXELL ENNIS & HAWLEY, LLP,

      Third-Party Defendant.

---

Keith S. Moheban and Timothy M. Kelley, Stinson Leonard Street, LLP, Counsel for Fagen, Inc. and Midwest Ethanol Transport, LLC.

Angelo L. Rosa, Esq., and Michael F. Cockson, Faegre Baker Daniels LLP, Counsel for Exergy Development Group of Idaho, LLC and James T. Carkulis.

---

     This matter is before the Court on Defendant Exergy Development Group

of Idaho, LLC's Application for Temporary Restraining Order and/or

1

Preliminary Injunction Against Fagen, Inc.  [Docket No. 101]  The Court heard oral argument on May 23, 2014.

The Eighth Circuit Court of Appeals has established the standard for considering preliminary injunctions and temporary restraining orders. <u>Dataphase Sys. Inc. v. CL Sys., Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). This Court must consider (1) the threat of irreparable harm to the moving party if an injunction is not granted, (2) the harm suffered by the moving party if injunctive relief is denied as compared to the effect on the non-moving party if the relief is granted, (3) the public interest, and (4) the probability that the moving party will succeed on the merits.  <u>Id.</u>

Defendant Exergy Development Group of Idaho, LLC ("Exergy") claims that it has a buyer for the Idaho Wind Partners 1 operating wind project in Idaho ("IWP1").  IWP1 currently serves as collateral on millions of dollars in loans that Exergy owes to Plaintiff Fagen, Inc. ("Fagen").  Exergy claims that it needs the Court to issue an emergency injunction to permit the sale of IWP1 to occur because Fagen will not confirm the exact loan payoff amount to Exergy; Fagen will not agree that Exergy is entitled to 2 set-offs to reduce the loan amount to

approximately $8.4 million; and Fagen will not agree to unconditionally release the collateral until Exergy tenders full payment on the loan.

The Court denies Exergy's motion because Exergy is not likely to succeed on the merits of its requests and it has failed to show irreparable injury.

Exergy has not shown that Fagen has failed to cooperate in calculating the payoff amount.  In fact, Fagen has submitted a spreadsheet calculating the payoff amount and accruing interest that was provided to Exergy two months ago. Exergy has not shown that Fagen has any obligation to release its security interest in the collateral before Exergy tenders full payment for the loans.  The governing written contract provides that full payment must be tendered before Fagen will release its security interest.  As to the request for set-offs, these requests are not based on any claims or counterclaims asserted in the pleadings in this case.  Even if the Court considers the requests for set-offs, Exergy is unlikely to succeed on the merits.  The parties' relationship is governed by a valid written contract, and Exergy points to no term of the Master Loan Agreement that would support the conclusion that it is entitled to set-offs based on how it used the loan proceeds or based on money that Fagen received from ITC Midwest, Inc.

Additionally, Exergy has failed to show a threat of irreparable injury.

There is no evidence that, in order for the sale of IWP1 to occur, the Court must

decide the question of set-offs.  Nor is there evidence that the sale will not close

unless Fagen releases the collateral before receiving any payment.

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

   Defendant Exergy Development Group of Idaho, LLC's Application
   for Temporary Restraining Order and/or Preliminary Injunction
   Against Fagen, Inc. [Docket No. 101] is **DENIED**.


Dated:   May 23, 2014                    s/ Michael J. Davis
                                         Michael J. Davis
                                         Chief Judge
                                         United States District Court