# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Fagen, Inc., a Minnesota corporation, and
Midwest Ethanol Transport, LLC, a
Minnesota limited liability company,

    Plaintiffs/Counter-Defendants
    /Third-Party Plaintiffs,

v.

Exergy Development Group of Idaho,
L.L.C., an Idaho limited liability company,
and James T. Carkulis, individually,

    Defendants/Counter-Plaintiffs,

and

Exergy Development Group of Idaho,
L.L.C., and James T. Carkulis,

    Defendants/Counter-Plaintiffs/
    Crossclaimants,

v.

Hawley Troxell Ennis & Hawley LLP,

    Crossdefendants,

and

Fagen, Inc.,

**ORDER**

Civil File No. 12- 2703 (MJD/SER)

    Third-Party Plaintiff,

v.

Hawley Troxell Ennis & Hawley LLP,

    Third-Party Defendant.

---

Keith S. Moheban and Timothy M. Kelley, Stinson Leonard Street, LLP, Counsel for Plaintiffs Fagen, Inc. and Midwest Ethanol Transport, LLC.

Angelo L. Rosa, Marsh Rosa LLP, and James C. MacGillis, Trepanier MacGillis Battina P.A., Counsel for Defendants Exergy Development Group of Idaho, LLC and James T. Carkulis.

---

This matter is before the Court on Defendants' Letter to Request Permission to File a Motion to Reconsider. [Docket No. 216] Defendants request permission to file a formal motion for reconsideration of the Court's February 6, 2015 Order denying summary judgment as to Count II, Defamation [Docket No. 215].

The Local Rules provide that a motion to reconsider can only be filed with the Court's express permission, and such permission can only be obtained if the party shows "compelling circumstances." L.R. 7.1(j). The district court's decision on a motion for reconsideration rests within its discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

Id. at 414 (citation omitted).

The Court has thoroughly reviewed Defendants' letter request, Plaintiffs' response, and the Court's February 6, 2015 Order, and concludes that the Court's Order contains no manifest errors of law or fact. Nor have Defendants offered new evidence that would alter the Court's Order. The additional evidence offered by Defendants is not conclusive and does not resolve the fact disputes discussed in the Court's February 6 Order. Defendants have not shown compelling circumstances to support filing a motion to reconsider.

Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

Defendants' Letter to Request Permission to File a Motion to Reconsider [Docket No. 216] is **DENIED**.

Dated:  March 5, 2015             s/ Michael J. Davis
                                  Michael J. Davis
                                  Chief Judge
                                  United States District Court