# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FAGEN, INC. and MIDWEST ETHANOL TRANSPORT, LLC, | Civil No. 12-2703 (JRT/SER) |
| Plaintiffs/Counter-Defendants, | |
| v. | |
| EXERGY DEVELOPMENT GROUP OF IDAHO, L.L.C., | |
| Defendant/Counter-Claimant, | |
| JAMES T. CARKULIS, | |
| Defendant. | |

| | |
|---|---|
| FAGEN, INC. and MIDWEST ETHANOL TRANSPORT, LLC, | **MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE** |
| Third-Party Plaintiffs, | |
| v. | |
| HAWLEY TROXELL ENNIS & HAWLEY LLP, | |
| Third-Party Defendant. | |

| |
|---|
| EXERGY DEVELOPMENT GROUP OF IDAHO, L.L.C., and JAMES T. CARKULIS, |
| Cross-Claimant, |
| v. |
| HAWLEY TROXELL ENNIS & HAWLEY LLP, |
| Cross-Defendant. |

Angelo L. Rosa, **MARSH ROSA LLP**, P.O. Box 1605, Boise, ID 83701, and Bryan R. Battina and James C. MacGillis, **TREPANIER MACGILLIS BATTINA P.A.**, 8000 Flour Exchange Building, 310 Fourth Avenue North, Minneapolis, MN 55415, for Exergy Development Group of Idaho, L.L.C. and James T. Carkulis.

Keith S. Moheban, Timothy M. Kelley, and Katherine A. Moerke, **STINSON LEONARD STREET LLP**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for Fagen, Inc. and Midwest Ethanol Transport, LLC.

Bryon G. Ascheman and Richard J. Thomas, **BURKE & THOMAS, PLLP**, 3900 Northwoods Drive, Suite 200, Arden Hills, MN 55112, for Hawley Troxell Ennis & Hawley LLP.

Plaintiff Exergy Development Group of Idaho, LLC ("Exergy") appeals United States Magistrate Judge Steven E. Rau's order denying its motion to modify the scheduling order. Exergy seeks to extend the scheduling order deadline for expert discovery because one of its designated experts, Robert Reilly, failed to appear for his November 11, 2015, deposition and has apparently withdrawn from the case. Because the Magistrate Judge's finding that Exergy had not shown good cause to amend the scheduling order was not clearly erroneous or contrary to law, the Court will overrule Exergy's appeal and affirm the order of the Magistrate Judge.

**BACKGROUND**

In Spring of 2015, Exergy retained Reilly, a CPA, to give an expert opinion regarding the amount of economic damages that Exergy suffered as a result of the alleged misconduct of Fagen, Inc. and Midwest Ethanol Transport, LLC (collectively "Fagen"), and Hawley Troxell Ennis & Hawley LLP ("Hawley Troxell"). (Decl. of Peter E. Bogy ("Bogy Decl."), Ex. 1 at 2, Nov. 16, 2015, Docket No. 365.) Exergy and Reilly entered into an engagement letter whereby Reilly would bill Exergy for his services on a "semimonthly" basis, with payment from Exergy being "due within 30 days of the date of

invoice receipt." (*Id.* at 5.) Pursuant to this agreement, Reilly submitted invoices to Exergy on May 15, May 31, June 15, June 30, July 15, and July 31. (Bogy Decl. ¶¶ 3-9.) Despite the thirty-day payment provision, however, Exergy did not pay the May 15 and 31 invoices until August 30, 2015, (*id.* ¶ 5; *id.*, Ex. 4), and the remaining invoices until October 30, 2015, (*id.* ¶ 10; *id.*, Ex. 9).

On September 24, 2015, Exergy's counsel confirmed with one of Reilly's associates that Reilly would be available to appear for an expert deposition on November 11 and 12, 2015, in Chicago, Illinois. (Decl. of Angelo L. Rosa ("Rosa Decl.") ¶ 2, Nov. 16, 2015, Docket No. 364; *id.*, Ex. 1 at 2.) Either on or before October 30, 2015,[1] however, Reilly informed Exergy that he would not appear unless Exergy immediately paid all past due invoices and also paid a retainer. (*Id.*, Ex. 2 at 2-3.) In response, Exergy paid the past due invoices, but did not agree to the retainer request. (Bogy Decl. ¶¶ 10-12.)

Over the next week and half, Exergy and Reilly exchanged several emails and letters regarding the November 11 deposition. (*See id.*, Exs. 10-11; Rosa Decl., Exs. 4-8.) Reilly informed Exergy that he was still willing to serve as an expert witness and would appear at the deposition, but **only** if Exergy paid a $25,000 retainer ahead of time. (Bogey Decl., Ex. 10 at 2-3; Rosa Decl., Ex. 7 at 2-3.) Reilly indicated he wanted the

---

[1] Exergy provides correspondence with Reilly going back to only October 30, 2015. However, there is some indication that Reilly informed Exergy that he would not appear at the deposition without a retainer payment before that date. For example, in an email sent on October 30, 2015, Reilly told Exergy: "You can schedule the deposition. But as I have indicated in **previous emails**, we will have to receive a retainer before I show up for the deposition." (Rosa Decl., Ex. 2 at 3 (emphasis added).)

retainer because he was concerned that Exergy – based on its history of not paying his invoices – would not pay him for the deposition. (Bogy Decl., Ex. 10 at 2-3.) As late as November 10, 2015 – the day before the deposition – Reilly indicated that he was still willing to appear, contingent upon his receipt of the retainer. (Rosa Decl., Ex. 8 at 3.) Exergy, however, did not pay the requested retainer, and Reilly accordingly did not show up for the deposition. (*Id.* ¶ 8.) Counsel for Fagen and Hawley Troxell first learned that Reilly was not going to appear while they were sitting in the Chicago conference room on the morning of November 11, waiting for the deposition to start. (Hawley Troxell's Mem. of Law in Opp'n to Exergy's Obj. at 2-3, Apr. 28, 2016, Docket No. 439; Fagen's Mem. of Law in Opp'n to Exergy's Obj. at 5, Apr. 28, 2016, Docket No. 441.)

On November 16, 2015 – the last day for expert discovery under the Third Amended Scheduling Order – Exergy filed a motion to modify the scheduling order to extend the time for expert discovery so that it could retain a new expert witness to take Reilly's place. (Exergy's Mot. for Expedited Order Modifying Scheduling Order, Nov. 16, 2016, Docket No. 357; Third Am. Pretrial Scheduling Order at 2, July 9, 2015, Docket No. 325.) On January 1, 2016, Exergy disclosed that it had retained a replacement expert, Gregory E. Scheig, who would offer an "expert opinion based on an adoption of expert opinions and conclusions made by . . . Reilly." (Letter to Magistrate Judge, Ex. 1 ¶ 2, Jan. 1, 2016, Docket No. 410.) Notably, however, Exergy has not yet provided any expert report, affidavit, or declaration from Scheig confirming that he will adopt Reilly's opinions and conclusions.

On March 31, 2016, the Magistrate Judge denied Exergy's motion to modify the scheduling order, finding that Exergy failed to act diligently and also that modification would substantially prejudice the nonmoving parties. (Order, Mar. 31, 2016, Docket No. 436.) On the issue of diligence, the Magistrate Judge noted that Exergy knew that Reilly would not appear at the deposition without a retainer payment as early as October 30, 2015, but failed to engage in "proactive case management." (*Id.* at 6.) Despite having "nearly two weeks to notify the Court," Exergy took no action "until after counsel for all three parties in the case had prepared for and traveled to Chicago." (*Id.*) On the issue of prejudice, the Magistrate Judge noted that a modification would, "in essence, restart expert discovery." (*Id.*) In particular, the Magistrate Judge noted that Fagen and Hawley Troxell had "invested thousands of dollars evaluating Reilly's expert report and preparing for and traveling to a deposition that Exergy knew was unlikely to take place." (*Id.*) Based on Exergy's lack of diligence and also the prejudice to Fagen and Hawley Troxell, the Magistrate Judge concluded that Exergy "failed to establish good cause to modify the scheduling order." (*Id.* at 7.)

Exergy now objects to the Magistrate Judge's order.

## ANALYSIS

I.  **STANDARD OF REVIEW**

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C.

§ 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).  For an order to be clearly erroneous, the district court must have a "definite and firm conviction that a mistake has been committed."  *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

## II. EXERGY'S APPEAL

A pretrial scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements."  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir. 2006)).  "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the Court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."  *Id.* at 717.

Here, the Court will overrule Exergy's appeal – the Magistrate Judge's order was not clearly erroneous or contrary to law.  First, as the Magistrate Judge noted, Exergy failed to act diligently, which is the primary measure of good cause under Rule 16(b)(4).  Despite knowing for at least twelve days that Reilly would not appear for the deposition unless he received a retainer payment, Exergy did not notify the other parties or the Court.  Instead, Exergy allowed Fagen and Hawley Troxell to expend – and ultimately waste – a substantial amount of money, time, and resources in preparation.  This conduct is completely inconsistent with diligence and is sufficient, on its own, to support a finding that Exergy has not established good cause for modifying the scheduling order.

Exergy argues that it 1) acted diligently because it reasonably expected Reilly to appear, 2) quickly moved to modify the scheduling order when he did not show up, and 3) promptly found an expert – Scheig – who will adopt Reilly's opinions and conclusions.  The record, however, belies this argument.  Exergy could not have reasonably believed that Reilly would appear because Reilly unambiguously stated, multiple times, that his attendance was contingent on the $25,000 retainer, which Exergy did not pay.  That Exergy chose to ignore Reilly's warnings cannot be an excuse for its failure to take prompt remedial action.  Exergy also did not move quickly to modify the scheduling order – it failed to do anything for almost two weeks (and perhaps more).  Lastly, while Exergy has represented that Scheig will adopt Reilly's opinions and conclusions, Exergy has not provided any declaration, affidavit, or report from Scheig confirming this point, despite having over four months to do so.  This does not evidence diligence.

Exergy additionally relies on a series of cases for the proposition that substitution of an expert after the scheduling order deadline is a common occurrence.  But the cited cases are distinguishable for two reasons.  First, where applicable, the party seeking substitution promptly brought the matter to the attention the Court and/or the opposing party.[2]  Here, by contrast, Exergy failed to take any action for at least twelve days and

---

[2] *See TIC - The Indus. Co. Wyoming v. Factory Mut. Ins. Co.*, No. 4:10-3153, 2012 WL 2830867, at *8 (D. Neb. July 10, 2012) ("Without question, once plaintiff's counsel knew of the problem, they promptly brought it to the attention of defense counsel and the court."); *Pierce v. Fremar, LLC*, No. 09-4066, 2010 WL 5172883, at *2 (D.S.D. Dec. 14, 2010) ("As soon as Pierce knew that Lacey refused to be her expert witness, she notified defendants."); *Cardiac Sci., Inc. v. Koninklijke Philips Elecs. N.V.*, No. 03-1064, 2006 WL 3836137, at *2 (D. Minn.

(Footnote continued on next page.)

also permitted counsel for Fagen and Hawley Troxell to prepare for and travel to an out-of-state deposition that it reasonably knew would not occur.  Second, in all of the cases relied upon, the expert witness withdrew for reasons outside of the party's control.[3]  Here, without deciding whether Reilly or Exergy breached the engagement letter, the Court notes that Reilly's apparent withdrawal was not entirely outside of Exergy's control.  Exergy indisputably did not pay Reilly's invoices within thirty days of receipt as required by the engagement letter, and this conduct directly precipitated both Reilly's demand for the $25,000 retainer and his ultimate decision not to appear.

Finally, while Exergy's lack of diligence provides sufficient grounds for affirming the Magistrate Judge's order, the Court also finds that the Magistrate Judge did not clearly err by concluding that a modification of the scheduling order would result in substantial prejudice to Fagen and Hawley Troxell.  As the Magistrate Judge pointed out, a modification at this stage would, for all intents and purposes, restart expert discovery, even though the case has languished in discovery for approximately two years.  Exergy argues that it will suffer the brunt of the prejudice if it is not able to substitute a new expert.  The Court recognizes that its ruling today could have a detrimental impact on the viability of some of Exergy's claims.  But it is Exergy that failed to take diligent action.

---

(Footnote continued.)

Dec. 22, 2006) ("Shortly after receiving Dr. Bach's termination letter, Cardiac Science informed Philips of Dr. Bach's withdrawal . . . .").

[3] *See Medpace, Inc. v. Biothera, Inc.*, No. 1:12-179, 2014 WL 1045960, at *1-3 (S.D. Ohio Mar. 17, 2014) (conflict of interest); *TIC - The Indus. Co. Wyoming*, 2012 WL 2830867, at *7-8 (conflict of interest); *Pierce*, 2010 WL 5172883, at *1-2 (conflict of interest); *Cardiac Sci.*, 2006 WL 3836137, at *2-3 (personal reasons).

Overall, the Court finds that the Magistrate Judge's order was not clearly erroneous or contrary to law, and Exergy has not shown good cause for modifying the scheduling order.

### III. LETTER BRIEFS

A hearing on the parties' cross motions for summary judgment is currently scheduled for June 3, 2016.  The Court will direct the parties to submit letter briefs, not to exceed five pages, explaining what impact, if any, this Order has on the pending motions.  The parties shall submit their letter briefs to the Court on or before May 25, 2016.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Exergy's appeal [Docket No. 438], and **AFFIRMS** the Order of the Magistrate Judge dated March 31, 2016 [Docket No. 436].

**IT IS FUTHER HEREBY ORDERED** that the parties shall submit letter briefs to the Court, not to exceed five pages, on or before May 25, 2016, explaining the impact of this Order on the pending motions currently scheduled for a hearing on June 3, 2016.

DATED: May 17, 2016  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court